

FILED
MAR 10 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANI

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 20-65 |
| JOSHUA D. SPRINGER | |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Lee J. Karl, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A one-count information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | False Writing or Document to the Government<br>August 21, 2017 | 18 U.S.C. § 1001(a)(3) |

### II. ELEMENTS OF THE OFFENSE

**A.   As to Count 1:**

In order for the crime of False Writing or Document to the Government, in violation of 18 U.S.C. § 1001(a)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant used a writing or document.

### III. PENALTIES

A. As to Count 1: False Writing or Document to the Government (18 U.S.C. § 1001(a)(3)):

1. Individuals - The maximum penalties for individuals are:

   (a) imprisonment of not more than 5 years (Title 18 U.S.C. § 1001);

   (b) a fine not more than the greater of;

      (1) $250,000 (18 U.S.C. § 3571(b)(3));

      or

      (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

   (c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

   (d) Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

United States v. Waters, 457 F.2d 805 (3d Cir. 1972); United States v. London, 550 F.2d 206 (5th Cir. 1976); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶36.01 (1989).

2. That the writing or document contained a false or fictitious statement or entry.

United States v. Milton, 602 F.2d 231 (9th Cir. 1979); Paternostro v. United States, 311 F.2d 298 (5th Cir. 1962); Morgan v. United States, 309 F.2d 234 (D.C. Cir. 1962); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶36.01 (1989).

3. That the statement or entry was material.

United States v. Gerber, 760 F.2d 68 (3d Cir.), cert. denied, 474 U.S. 988 (1985); United States v. Hansen, 772 F.2d 940 (D.C. Cir. 1985), cert. denied, 106 S. Ct. 1262 (1986); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶36.01 (1989).

4. That the defendant knew that the writing or document contained a false or fictitious or fraudulent statement or entry, and knowingly and willfully used the writing or document.

United States v. Miller, 658 F.2d 235 (4th Cir. 1981); United States v. Mekjian, 505 F.2d 1320 (5th Cir. 1975); United States v. West, 666 F.2d 16 (2d Cir. 1981); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶36.01 (1989).

5. That the document or writing was used in a matter within the jurisdiction of the executive, legislative or judicial branch of the Government of the United States.

United States v. Miller, 658 F.2d 235 (4th Cir. 1981); United States v. West, 666 F.2d 16 (2d Cir. 1981); United States v. Mekjian, 505 F.2d 1320 (5th Cir. 1975); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶36.01 (1989).

## VI. **FORFEITURE**

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*/s/ Lee J. Karl*

LEE J. KARL
Assistant U.S. Attorney
PA ID No. 87856
